IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC
2013 JUL 10 P 3: 07

| | | |
|---|---|---|
| United States of America | ) | 4:02-cr-00756-CWH-1 |
| | ) | 4:05-cv-01768-CWH |
| vs. | ) | |
| | ) | ORDER |
| Maurice Hemingway | ) | |

## I. Background

On July 23, 2002, a federal grand jury charged the defendant, Maurice Hemingway (the "defendant"), in a three count indictment. Count 1 charged the defendant with robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a); Count 2 charged the defendant with possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and Count 3 charged the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). See United States v. Hemingway, Criminal Action No. 4:02-756-CWH-1. The defendant proceeded to trial, where a jury found him guilty of all three counts. On April 30, 2003, the Court sentenced the defendant to an aggregate sentence of 197 months in prison, to be followed by 5 years of supervised release. The defendant appealed, and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on August, 23, 2004. (ECF No. 112). The defendant did not petition for a writ for certiorari to the United States Supreme Court.

In 2005, the defendant filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. The Court denied the defendant's motion by a written order filed on May

24, 2006. See Hemingway v. United States, Civil Action No. 4:05-1768-CWH, 2006 WL 1432437 (D.S.C. May 24, 2006). The Fourth Circuit Court of Appeals affirmed the order on November 22, 2006. See United States v. Hemingway, 207 F. App'x 268 (4th Cir. 2006) (unpublished per curiam opinion).

## II. The Pending Motion

The defendant's pending motion seeks copies of the following documents: "Presentencing Investigation Report, and sentencing transcript . . . ." (ECF No. 172). It is well-settled that copies of transcripts and court documents may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. Morin v. United States, 522 F.2d 8, 9 (4th Cir. 1975) (per curiam). A demonstration of need is crucial; an indigent defendant is not entitled to copies of court documents or transcripts at government expense "merely to comb the record in hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963) (footnote omitted).

The defendant contends that he needs the documents "for Appealing reasons" and argues United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), has caused a change in the law which applies to him. (ECF No. 172). The defendant further claims these documents "will help the defendant to put up a proper defense on Appeal." (ECF No. 172).

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year limitation within which a defendant must bring a federal habeas corpus petition. See 28 U.S.C. § 2255 (2006). This limitation period shall run to the last of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the



> United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4). When there is a direct appeal, "the judgment of conviction becomes final [under § 2255(f)(1)] when the time for filing a writ of certiorari challenging the appellate court's affirmation of the conviction (or for filing a petition for rehearing) expires." Parker v. United States, Civil Action No. 4:12-2178-TLW, 2012 WL 5904212, at *3 (D.S.C. Nov. 21, 2012) (citing Clay v. United States, 537 U.S. 522, 525 (2003)).

Here, the Fourth Circuit's order denying the defendant's appeal was decided on August 23, 2004 and the defendant did not petition for writ of certiorari. As such, the defendant's judgment became final in or about late November of 2004.[1] Now, the defendant claims that "US v. Simmons has cause [sic] a change in law in the 4th Cir Court of Appeals." (ECF No. 172). Therefore, a petition from the defendant would only be timely under § 2255(f)(3).

The Simmons court addressed North Carolina's unique sentencing scheme and held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. 649 F.3d at 243-47. Simmons was decided on August 17, 2011 and

---

[1] The Supreme Court Rules state "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of [the United States Supreme Court] within 90 days after entry of the judgment." Sup. Ct. R. 13(1). Further, "the time to file a petition for a writ of certiorari runs from the date of entry of the judgment . . . , and not from the issuance date of the mandate." Sup. Ct. R. 13(3).

since then, the Fourth Circuit Court of Appeals has ruled that Simmons is not retroactive to cases on collateral review.[2] See Powell, 691 F.3d at 559-60 (4th Cir. 2012); see also United States v. Melvin, No. 12-7489, 2013 WL 264959, at *1 (4th Cir. Jan. 24, 2013) (unpublished per curiam opinion) (noting that Carachuri-Rosendo and Simmons "do not apply retroactively to cases on collateral review"). "Courts in this Circuit have additionally held that Simmons, which was not a Supreme Court case, did not announce a newly-recognized right under § 2255(f)(3)." Bowman v. United States, No. 2:12-cv-02249, 2013 WL 1914484, at *2 (D.S.C. May 8, 2013) (citations omitted). Moreover, Simmons was a direct appeal, not a collateral attack. See Simmons, 649 F.3d at 239.

A review of the defendant's Pre-sentence Report reveals that the defendant does have prior North Carolina convictions. However, as cases issued subsequent to Simmons have held its holding does not apply retroactively to persons whose convictions were final before Simmons was decided, a defendant cannot rely on that case to reset the one-year limitations period under § 2255(f)(3). Therefore, the defendant is not eligible for relief under § 2255 based on United States v. Simmons. Even assuming that Simmons satisfied § 2255(f)(3), that case was decided on August 17, 2011; the one-year statute of limitations has expired and a petition by the defendant would be time-barred.

Based on the foregoing, the defendant is not entitled to transcripts. Although an indigent defendant is constitutionally entitled to a free transcript of a prior proceeding when that transcript

---

[2] The United States Supreme Court has held that Carachuri-Rosendo v. Holder, —— U.S. ——, 130 S. Ct. 2577 (2010), the case in which the holding in Simmons is based, is a "procedural rule." United States v. Powell, 691 F.3d 554, 560 (4th Cir. 2012). Further, the Supreme Court has not held that the Carachuri-Rosendo holding is retroactive to cases on collateral review. Id. (citation omitted).



is needed for an effective defense or appeal, Britt v. North Carolina, 404 U.S. 226, 227 (1971), the record reflects the defendant has already appealed his sentence. The Fourth Circuit Court of Appeals affirmed the defendant's conviction and sentence, and on August 23, 2004, judgment was entered. (ECF No. 113). Furthermore, the Fourth Circuit Court of Appeals dismissed the defendant's appeal of his § 2255 petition and denied a certificate of appealability. (ECF No. 24). On January 31, 2012, the Fourth Circuit denied the defendant's motion pursuant to 28 U.S.C. § 2244 for authorization to file a second or successive application under § 2255. (ECF No. 166). The Court finds that the defendant has not shown any need for the copies of the documents he requested, and, therefore, the defendant's motion (ECF No. 172) is denied.

### III. Conclusion

For the reasons stated above, the defendant's motion (ECF No. 172) is denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

July 10, 2013
Charleston, South Carolina

